IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MANDEEP HARZALL, *et al.*,                    *

    Plaintiffs,                    *

      v.                    *          Civil Action No.: RDB 08-1920

ANHEUSER-BUSCH, INC.,                    *

    Defendant.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Mandeep Harzall injured her hand when she opened a bottle of beer.  She and her husband, Mickneet Harzall (collectively, "Plaintiffs"), allege Defendant Anheuser-Busch, Inc. ("Defendant") is liable under the theories of strict liability, *res ipsa loquitur*, breach of implied warranty of merchantability, and negligence.  Defendant moves for summary judgment on the issue of liability.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2009).  For the reasons that follow, Defendant's Motion for Summary Judgment (Paper No. 37) is GRANTED.

## <u>BACKGROUND</u>

The facts are viewed in a light most favorable to the Plaintiffs, as the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The facts in this case are largely undisputed.  This case arises from an incident that took place on June 29, 2006, when Plaintiff Mandeep Harzall was staying at the Walnut Creek Marriott Hotel located in Walnut Creek, California while on a business trip.  Compl. ¶ 7.  At some point that evening, Ms. Harzall walked to a nearby service station, D&M Phipps ("Phipps"), which is run by Donald Phipps, and purchased a six-pack of Anheuser-Busch beer in long-neck glass bottles.  Def.'s

Summ. J. Mem. Ex. 4.  After purchasing the beer, Ms. Harzall walked back to her hotel room, stopping to have a conversation along the way with a hotel valet on the street outside of the hotel.  Pl. Mandeep Harzall Depo. 42-44.  When Ms. Harzall returned to her hotel room, she attempted to open one of the bottles.  *Id*. at 43.  Instead of using her bottle opener, Ms. Harzall grasped her hand around the top of the beer bottle and twisted it.  *Id*. at 44.  The top of the beer bottle broke, causing injuries to her hand.  *Id*.  Ms. Harzall called the hotel operator who sent some hotel employees to assist her.  *Id*.  Ms. Harzall was later treated at a hospital.  *Id*.

Plaintiffs do not possess any of the beer bottles that Ms. Harzall purchased that evening and have presented no direct evidence of their injuries.  *Id*. Exs. 1 and 2.  Ms. Harzall is the only witness to her accident.  *Id*. Ex. 9.  Plaintiffs have presented no testimony from an expert witness in support of their claims as to issues of liability.  *Id*. Ex. 3.  Notably, Phipps purchased all of its Anheuser-Busch beer from a beer distributor called Markstein Sales Company ("Markstein"), which delivered the beer at "ambient room temperature."  *Id.* Exs. 5, 6.

On July 23, 2008, Plaintiffs filed this lawsuit asserting Defendant Anheuser-Busch is liable for Ms. Harzall's injuries under the theories of strict liability, *res ipsa loquitur*, breach of implied warranty of merchantability and negligence.  On October 2, 2009, Defendant filed the instant Motion for Summary Judgment (Paper No. 37) in which it argues that since the beer bottle that broke in Ms. Harzall's hand was not under Defendant's exclusive control at all times prior to its purchase, and since Plaintiffs have no other direct evidence to support their claims, Defendant cannot be held liable for Ms. Harzall's injuries.

<u>STANDARD OF REVIEW</u>

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). After the moving party has established the absence of a genuine issue of material fact, the nonmoving party must present evidence in the record demonstrating an issue of fact to be resolved at trial. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)). Summary judgment will be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

This Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. This Court has previously explained that a

"party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

<u>ANALYSIS</u>

As a preliminary matter, this Court must decide whether Maryland law or California law governs the present action. A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Electric Mfg. Co*., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941). Maryland adheres to the doctrine of *lex loci delicti*, which applies the law of the state where the alleged injury occurred. *Laboratory Corp. of America v. Hood*, 395 Md. 608, 615, 911 A.2d 841, 845 (Md. 2006). Because Ms. Harzall's injury occurred in California, this Court finds that California law governs the present case.[1]

Plaintiffs do not point to a specific act of negligence in their claim, but instead invoke the doctrine of *res ipsa loquitur.* This doctrine addresses those accidents that are "so likely to have been caused by the defendant's negligence that one may fairly say 'the thing speaks for itself.'" *Brown v. Poway*, 4 Cal. 4th 820, 825 (1993). In other words, the doctrine of *res ipsa loquitur* exists to assist the courts in determining when circumstantial evidence of negligence is sufficient. *Id.* To succeed on their claim and invoke the presumption of negligence provided for by *res ipsa loquitur* under California law, Plaintiffs must prove that the accident: (1) was of a kind which ordinarily does not occur in the absence of someone's negligence; (2) was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) could not have been due to any voluntary action or contribution on the part of the plaintiff. *Ybarra v. Spangard*, 25 Cal. 2d 486, 489, 154 P.2d 687 (1944).

---

[1] Plaintiffs contend that California law applies, and Defendant does not appear to deny that California law applies. *See* Pl.'s Opp. 4 n. 3; Def.'s Def.'s Summ. J. Mem. 8. The parties agree that California's approach to *res ipsa loquitor* cases is similar to Maryland's. *Id*.

Defendant argues that the doctrine of *res ipsa loquitur* is inapplicable in this case because Plaintiffs have not established that Defendant had exclusive control of the injury-causing instrumentality. In California, the requirement of "exclusive control" under the second prong of the *res ipsa loquitur* test "is not an absolute one." *Zentz v. Coca Cola Bottling Co. of Fresno*, 247 P.2d 344, 348 (Cal. 1952). Instead, it is a flexible concept, and serves "to link the defendant with the probability, already established, that the accident was negligently caused." *Vines v. United States*, 2008 U.S. Dist. LEXIS 78002, at *13 (E.D. Cal. Oct. 2, 2008) (citing *Newing v. Cheatham*, 15 Cal. 3d 351, 362 (1975)). Furthermore, "the doctrine [of *res ipsa loquitur*] will not ordinarily apply if it is equally probable that the negligence was that of someone other than the defendant, [and] the plaintiff need not exclude all other persons who might possibly have been responsible where the defendant's negligence appears to be the more probable explanation of the accident." *Zentz*, 247 P.2d at 348. Applying this reasoning, Plaintiffs must only be able to show that Defendant's negligence was the likely cause of Ms. Harzall's injury.

Plaintiffs have not satisfied this requirement because they have presented no evidence in support of their claim that Defendant's negligence was the more probable explanation for the accident. On the contrary, the evidence indicates that there are myriad possible third parties who were equally as likely to be responsible for the alleged negligence that led to Ms. Harzall's injury. It is undisputed that multiple third parties handled the beer before Ms. Harzall was injured by it. Defendant may have bottled the beer; Markstein loaded and delivered it to the store. Once the beer was delivered, it was handled by Phipps employees, possibly other customers in the store, and Ms. Harzall herself. Plaintiffs only purported evidence in support of their argument that Defendant is liable is Donald Phipps' confirmation that the beer bottles were placed in a refrigeration unit and "treated like all the other beer handled and sold by the Store,"

and that he, "never experienced bottles exploding, shattering or breaking other than, understandably, when bottles were dropped." Pls.' Opp. 6. Plaintiffs have not, however, produced any evidence suggesting that it is more likely that Defendant mishandled the beer than a Markstein employee, a Phipps employee, a customer at Phipps' store or Plaintiff herself. Thus, Plaintiffs have not presented sufficient evidence to support a finding that Defendant's alleged negligence is the more probable explanation for the accident that led to Ms. Harzall's injury.

Plaintiffs' reliance upon *Zentz v. Coca Cola Bottling Co. of Fresno*, 247 P.2d 344 (Ca. 1952) is unavailing. In *Zentz*, the trial court rendered judgment in favor of the plaintiff, who was injured when she reached into a cooler at a restaurant to remove a bottle of soda and the soda bottle exploded, and against the defendant Coca-Cola, who delivered the soda. On appeal, defendants challenged whether plaintiff was entitled to a jury instruction on the doctrine of *res ipsa loquitur,* and whether the trial court properly allowed the jury to accept an inference that the proximate cause of the occurrence was due to negligent conduct on the part of the defendant. The Supreme Court of California affirmed the trial court's judgment, and held that the plaintiff was entitled to the doctrine of *res ipsa loquitur* because the accident was of such a nature that it probably was the result of negligence by someone, and that Coca-Cola was probably the entity who was responsible.

Though at first blush *Zentz* may seem to support Plaintiffs' arguments in this case, upon further review the factual scenario in that case is significantly distinguishable from the case at bar. In *Zentz*, the defendant, Coca-Cola, not only bottled the soda, but also delivered it. The plaintiff reached for the soda just one hour after it was delivered. Furthermore, the soda exploded as the plaintiff reached into the cooler and before she touched it. Accordingly, the Supreme Court of California found the doctrine of *res ipsa loquitur* appropriate in large part

because it found there was sufficient evidence that the soda bottle was not mistreated between the time the soda was placed in the cooler by the defendant Coca-Cola and the time the plaintiff reached for it.

In this case, by contrast, it is undisputed that Defendant was *not* responsible for delivering the beer; rather Markstein was.  Though it is unclear exactly when the beer was delivered to the Phipps store, Plaintiffs admit that the beer Ms. Harzall purchased had been in the store "for at least the time it took to lower the beer's temperature.  It is quite possible that it … had been in the cooler for considerably longer."  Pls.' Opp. 7.  Finally, it is undisputed that Ms. Harzall handled the beer from the time she took it out of the case, during her walk back to her hotel, and until she opened it when she returned back to her room.  Pl. Mandeep Harzall Depo. 42-44.  Comparing the facts in this case to those in *Zentz*, far more parties handled the bottle of beer after Defendant relinquished control of it and much longer than an hour passed between the time when Markstein took control of the bottle and Ms. Harzall attempted to open it.  Thus, the facts of this case do not give rise to a *res ipsa loquitur* presumption.

CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Paper No. 37) is GRANTED.

A separate Order follows.

Dated:                                       /s/_____
                                                        Richard D. Bennett
                                                        United States District Judge